**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOSEPH MICHAEL ANDREWS** (#7700006906) | **CIVIL ACTION NO.** |
| **VERSUS** | **20-597-SDD-EWD** |
| **PERFORMANCE CONTRACTERS** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 14, 2021.

*/s/ Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH MICHAEL ANDREWS                        CIVIL ACTION NO.
(#7700006906)

VERSUS                                         20-597-SDD-EWD

PERFORMANCE CONTRACTERS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint, as amended, of Joseph Michael Andrews ("Plaintiff"), who is representing himself and is confined at the Livingston Parish Detention Center in Livingston, Louisiana.[1] Based on the screening process for such complaints, it is recommended that Plaintiff's Complaint be dismissed with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

Pursuant to 28 U.S.C. § 1915(e), this Court is authorized to dismiss any claim filed by an individual proceeding *in forma pauperis* that is frivolous, malicious, or fails to state a claim upon which relief may be granted.[2] A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[3] A claim has no arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[4] The law gives judges not only the authority to dismiss a claim that is based on a meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[5] Pleaded facts that are merely

---

[1] R. Docs. 1 & 3.
[2] Plaintiff was granted permission to proceed *in forma pauperis* on October 20, 2020. R. Doc. 5.
[3] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[4] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[5] *Denton,* 504 U.S. at 32.

improbable or strange, however, are not frivolous for purposes of dismissal under these provisions.[6]

To determine whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[7] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[8] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

A dismissal under § 1915(e) may be made at any time if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[11]

Plaintiff's claims in this case are subject to dismissal as legally frivolous. Plaintiff has alleged that the "satanic occult used a silent weapon" on him that caused Plaintiff severe pain.[12] Plaintiff also alleges that he commented on Facebook that he was "ready to go to war with the Church of Satan" and that this comment got him fired and "blackballed" from working at Performance Contractors ("Performance").[13] A plaintiff asserting a claim under 42 U.S.C. § 1983 must demonstrate that a defendant (1) deprived him of his constitutional rights and (2) acted under

---

[6] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[7] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[8] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[10] *Id.*
[11] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[12] R. Doc. 1, p. 4.
[13] In Plaintiff's Amended Complaint, he elaborates on his pain and on how he read the Bible, went to mass, and meditated to cope with the pain. Plaintiff apparently also missed work due to his pain. R. Doc. 3, pp. 4-5.

2

color of state law.[14]  Private individuals and entities, such as Performance, generally are not considered to act under state law.  Even if Plaintiff is alleging that Performance committed constitutional violations, there is no federal jurisdiction under § 1983 for claims against non-state actors for constitutional violations.[15]

Although Plaintiff has not sought leave to amend, in the event he does, it should be denied. "Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."[16]  "Granting leave to amend, however, is not required if the plaintiff has already pleaded her best case,"[17] and leave to amend is not required when an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'"[18]  Plaintiff has already amended his Complaint once and, because it does not appear that Plaintiff can state any non-frivolous federal claim consistent with the allegations of his Complaint, as amended, further leave to amend should not be permitted.[19]

---

[14] *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017).
[15] *See Lavergne v. Sanford*, 570 Fed.Appx. 385, 386 (5th Cir. 2014) ("There is no federal jurisdiction under 42 U.S.C. § 1983 against non-state actors.").  Plaintiff's complaint also says the word "conspiracy" (R. Doc. 1, p. 4), but does not give any facts to support a claim based on conspiracy or even name any other defendant(s) who allegedly conspired with Performance. The Fifth Circuit has held that "mere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy under 42 U.S.C. § 1983." *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986); *see also*, *Lynch v. Cannatella*, 810 F.2d 1363, 1370 (5th Cir. 1987) ("Bald allegations that a conspiracy existed are insufficient.").
[16] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).
[17] *Id.*
[18] *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)) (quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).
[19] It appears Plaintiff may be attempting to assert claims against Performance for retaliation and/or discrimination. Despite prior amendment, Plaintiff has not stated facts to support the elements of such claims.  To the extent Plaintiff is alleging religious discrimination, he has not stated what bona fide religious belief he holds or how that belief conflicted with a requirement of his employment.  To the extent he is alleging retaliation, Plaintiff has not stated why a causal link exists between any protected activity and the termination of his employment with Performance. If Plaintiff intends to bring such claims, they should be filed in a separate lawsuit with a sufficient factual basis.  This Report and Recommendation does not reach the question of whether Plaintiff can state such claims.

3

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's claims in this matter under 42 U.S.C. § 1983 against Performance Contracters be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e), as he has not alleged a state actor, and that this case be **CLOSED**.[20]

Signed in Baton Rouge, Louisiana, on June 14, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[20] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.